IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:18-cv-00647 |
| ) | |
| 4.72 ACRES OF LAND, OWNED BY ) | By: Elizabeth K. Dillon |
| FRED W. VEST, ) | United States District Judge |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. It commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire a permanent easement and temporary easements on numerous properties, including this property located in Roanoke County, Virginia, and owned by Fred Vest. On March 8, 2018, the court entered an order in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, 7:17-cv-492 (W.D. Va.) (Dkt. No. 716), granting MVP immediate possession of the easements on this property. A trial on just compensation was scheduled to begin on August 13, 2020, but was recently continued (Dkt. No. 51).

I.  BACKGROUND

Before the court are a motion in limine filed by MVP and a motion to exclude expert witnesses by Vest. (Dkt. Nos. 18, 19.) At the hearing on these motions, the court granted MVP's motion as to all but part five (of six parts) and took part five of the motion under advisement. (*Id.*) The court also granted in part Vest's motion to exclude but took the balance of the motion under advisement. (*Id.*) For the reasons stated below, MVP's motion is granted as to part five and Vest's motion is dismissed as moot.

## II.  DISCUSSION

### A.  Expert Testimony

Federal Rule of Evidence 702 and the standards established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern admissibility of expert testimony.  Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

After ensuring that an individual qualifies as an expert, this court has an obligation under *Daubert* to act as a gatekeeper and ensure that any testimony concerning scientific, technical, or other specialized knowledge offered in support of a party's claim is "not only relevant, but reliable." 509 U.S. at 589; *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting same).  The proponent of the testimony must establish its admissibility, although it need not prove its expert's theory is correct.  *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001); *Md. Cas. Co. v. Therm–O–Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).  First, the trial court must ask whether proffered scientific evidence is valid and reliable.  *United States v. Barnette*, 211 F.3d 803, 815 (4th Cir. 2000).  Second, the court asks whether the evidence will help the trier of fact, which is generally a question of relevance, or "fit."  The court must ask if, assuming the evidence is reliable, it will "assist the trier of fact to understand or determine a fact in issue." *Md. Cas. Co.*, 137 F.3d at 783 (quoting *Daubert*, 509 U.S. at 592).

The court's role in limiting expert testimony is important: "due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading." *Cooper*, 259 F.3d at 199 (citations omitted).  Indeed, "given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded."  *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999).  Importantly, "[t]he gatekeeping role of the district court is particularly pronounced in condemnation proceedings under Rule 71.1."  *United States v. 33.92356 Acres of Land*, 585 F.3d 1, 8 (1st Cir. 2009).

## B.  MVP's Motion in Limine

As noted above, only one part of MVP's motion in limine remains at issue: part five, which seeks to exclude evidence of loss of marketability during and after construction.  Vest's appraiser, L. Steven Noble, assessed 8% damage to the remainder for loss of marketability during and after construction.  MVP argues that the 8% figure is not based on sufficient facts or data and should be excluded.  Fed. R. Evid. 702.

In response, Vest concedes that Noble's report was inadequate on this issue but contends that Noble offered a full explanation at his deposition, and he requests that the deposition testimony be included in his report. Essentially, Noble's figure is based on the time value of money because Vest is unable to sell his property during the four-year time period required for construction.  Based on Noble's experience and research, Vest could reasonably expect his property to appreciate 2% per year for a total of 8%.  At his deposition, however, Noble did not offer any facts or data to support his opinion.  For example, when asked if he had any market data to support his opinion other than conversations with brokers, Noble responded, "That's it."  (Dkt. No. 24 at 14 of 15.)  Also, Noble's opinion is not a reliable indicator of just compensation because it is based on the temporary inability to sell property during construction, not a permanent diminution of value.  Damages for a

permanent taking are measured by the difference in fair market value before and after the taking. *See United States v. 97.19 Acres of Land*, 582 F.2d 878, 881 (4th Cir. 1978) (defining just compensation in a case of partial taking as "the value of the land taken plus the depreciation in the market value of the remainder"); *Mountain Valley Pipeline, LLC v. 1.81 Acres of Land* (Jones), Civil Action No. 7:19-cv-00151, 2019 WL 4007924, at *2–3 (W.D. Va. Aug. 23, 2019) (excluding evidence "because it is not related to the before and after value of the land"). Noble's opinion that the value of the property would be permanently diminished based on a temporary condition is illogical and not reliable. Therefore, MVP's motion will be granted as to part five.

**C. Vest's Motion to Exclude**

Vest moved to exclude testimony of Joe Thompson, a real estate appraiser, and three MVP employees: Kevin Wagner, Brian Murphy, and Ricky Myers. At the hearing, the court granted in part and denied in part the motion as to Mr. Thompson. (Dkt. Nos. 34, 35.) Following the hearing and by letter from counsel dated July 19, 2019, Vest withdrew his motion as to the MVP employees. Therefore, this motion will be dismissed as moot.

### III.  CONCLUSION

For the foregoing reasons, MVP's motion in limine as to part five (Dkt. No. 18) is GRANTED and Vest's motion to exclude as to MVP employees Kevin Wagner, Brian Murphy, and Ricky Myers (Dkt. No. 19) is DISMISSED as moot.

Entered: June 1, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge