IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,   )<br>                                                          )<br>        Plaintiff,                                )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>4.72 ACRES OF LAND, OWNED BY  )<br>FRED W. VEST,                              )<br>                                                          )<br>        Defendant.                           ) | Civil Action No. 7:18-cv-00647<br><br>By: Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Trial in this just compensation matter is currently scheduled to begin on October 11, 2022. Before the court is Mountain Valley Pipeline's motion to exclude the testimony of landowner Fred Vest about the value of his property.[1] (Dkt. No. 83.) For the reasons stated below, MVP's motion will be granted.

I.  BACKGROUND

At his deposition on April 15, 2021, Vest testified that he intended to offer his opinions of value at trial. He testified that the property was worth $5 million before the taking and only $80,000 after the taking, for just compensation of $4.92 million. For comparison, Vest's own expert, Steven Noble, will testify that the property was worth $486,000 before the taking and $262,440 after the taking.

For the before-take value, Vest considered eight different sales of unimproved properties in the Bent Mountain area, ranging from $120,000 to $1.2 million. He testified that some of this property sold for as high as $15,000 per acre, but he did not use a per-acre value. He testified:

> Q.  Okay, and so how did you take the sales and get to $5 million?
>
> A.  Well one of them, for instance, is the property—one of the

---

[1] A Suggestion of Death has been filed noting Mr. Vest's death on or about September 25, 2021. (Dkt. No. 90.) Because Mr. Vest was deposed, the court finds that the motion to exclude remains relevant.

> properties that I mentioned is 39 acres with no improvements whatsoever, surrounded by other houses, in other words, no privacy, and not good roads to it, it sold for $1.2 million which to me is ridiculous, but I think if it's worth $1.2 million, then my property with all of the amenities that it has, I think $5 million is a reasonable figure.

(Ex. 3 at 30–31.) Vest also speculated that a "one percenter" with unlimited funds could see his property and pay $5 million for it. "Now, these are people, less than one percent of the population, that have unlimited funds, and I maintain that if somebody saw my property and really wanted it, they would be willing to pay for it." (*Id.* at 28.)

For the after-take value, Vest opined nobody would want to live on the property because of the pipeline, so its only use would be for pastureland, which sells for an average price of $1,000 per acre in Floyd County. Vest now states that he does not intend to offer testimony on the after-take value.

## II. ANALYSIS

The court has recognized the general principle that property owners are permitted to testify about the value of their property in condemnation cases. *See MVP v. 8.37 Acres (Terry)*, Civil Action No. 7:20-cv-134, 2020 WL 5526504, at *1 (W.D. Va. Aug. 26, 2020). "Courts indulge a common-law presumption that a property owner is competent to testify on the value of his own property." *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 542 (4th Cir. 2007). Federal courts "routinely permit landowners to testify as to the value of their real property in eminent domain cases." *Mountain Valley Pipeline, LLC v. 0.47 Acres of Land*, 853 F. App'x 812, 814 (4th Cir. 2021) (collecting cases). Such testimony can be admissible as lay witness opinion testimony under Federal Rule of Evidence 701. *Id.* Lay opinion testimony is admissible "if it is helpful to the jury; if it is based on the perception of the witness; and if it is not expert testimony under Federal Rule of Evidence 702." *Christopher Phelps & Assocs.*, 492 F.3d at 542.

"[A] landowner's valuation opinion must rely on a valid foundation, not speculation or conjecture." *0.47 Acres of Land*, 853 F. App'x at 815. "There must be a basis for the landowner's valuation, and where the landowner's own testimony shows that his valuation has no probative value, the district court may determine that the landowner's testimony alone is insufficient to support a jury verdict." *United States v. 10,031.98 Acres of Land*, 850 F.2d 634, 637 (10th Cir. 1988). "[T]he rationale which justifies landowners' opinion testimony—i.e, their special knowledge of the property—does not extend to the mere repetition of another's assessment of the property's value." *United States v. 68.94 Acres of Land*, 918 F.2d 389, 398 (3d Cir. 1990); *see also Terry*, 2020 WL 5526504, at *1 (explaining that a landowner's lay testimony should be excluded when it is "based on specialized or technical knowledge and not the owner's familiarity with his own land").

Vest argues that his testimony about the before-take value is proper lay opinion testimony based on his 50 years of knowledge and familiarity with the surrounding market. Vest heavily relied on the sale of an unimproved tract of 39 acres (Poage Valley) for $1.2 million. Vest considers his 80-acre tract vastly superior to the Poage Valley tract because of various amenities, including a horse-riding ring, two large barns, an abundance of water (including a pond, several springs and a creek), acreage for hay and the feeding of livestock/horses, a 1920s vintage mission style cottage farm home, exceptional security and privacy, and a panoramic view from Poor Mountain to the Blue Ridge Parkway.

MVP argues that Vest's opinion amounts to a "giant leap of speculation" from the Poage Valley sale to valuing his property at $5 million. While Vest couches his testimony in terms of familiarity with his land and its surroundings, that familiarity does not account for a value more than four times the value of a sale that Vest himself states was for a "ridiculous" amount. Someone

(a "one percenter") could decide to pay $5 million for Vest's property, but the odds of that happening approach zero and cannot form the basis for reliable testimony on market value. It is unfounded conjecture and should be excluded. Vest also cannot parrot the after-take value opinion of his expert appraiser, Steven Noble, to arrive at a comparable percentage reduction to his before value. *See 0.47 Acres*, 853 F. App'x at 815 (excluding landowner testimony where the landowner "openly admitted that the opinion was not his own and that he lacked knowledge of much of the basis for the calculations about which he intended to testify").

### III.  CONCLUSION

For the above-stated reasons, MVP's motion to exclude Vest's testimony on value (Dkt. No. 83) is GRANTED. The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: March 29, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge